## 13616

### ELLIS v. ATLANTIC COAST LINE R. CO.

(168 S. E., 860)

September, 1928.

*Mr. P. H. McEachin,* for appellant,

*Messrs. McNeill & Oliver* and *F. L. Willcox,* for respondent.

April 10, 1933.

The opinion of the Court was delivered by Mr. Justice Carter.

This action was commenced in the Court of Common Pleas for Florence County September 1, 1928, but by consent of the parties the case was transferred to the Civil Court of the said county. In his complaint John O. Ellis, as plaintiff in the cause, "seeks to recover certain disability benefits alleged to be due him as an employee of the defendant (Atlantic Coast Line Railroad Company) under a certain alleged contract or policy of insurance"; it being alleged "that about December 28, 1927, due to external and accidental means he was completely, totally and permanently disabled from performing any form of work or labor." The plaintiff, "further alleged that at the time of the accidental injury and disability the policy or contract of insurance was in full force and effect," and, further, that he had complied with all of the terms and conditions of the contract, and had made demand for payment, but payment had been refused; the amount of the judgment demand being $600.00 with interest at 7 per cent. per annum from August 28, 1928.

The defendant, in its answer, admitted the formal allegations of the complaint, and also admitted "that on or about April 7, 1924, plaintiff became a member of the Relief Fund of the Relief Department of Atlantic Coast Line Railroad Company and thereby became entitled, upon compliance by him with certain conditions, and upon payment by him of specified installments, to receive from the Relief Fund for each day of disability, due to accident, for a period not longer than fifty-two weeks the sum of Two and 50/100 ($2.50) Dollars per day, but denies that defendant agreed or promised to pay to plaintiff, unconditionally, such amounts." The other material allegations of the complaint the defendant denied. The defendant also interposed an af-

firmative defense, which we quote herewith, that is, so much as is pertinent to the questions raised on the appeal, as follows:

"2. That among the regulations duly adopted under which the Relief Fund is to become available to the members thereof is one to the effect that benefits shall not be payable for disability from sickness or injuries, resulting from immoral practices or due to injuries received in any liquor saloon, gambling house or other disreputable resort.

"3. On information and belief that plaintiff received the injuries on or about December 28, 1927, which resulted in the disability, on account of which he now claims the right to receive the benefits sued for, while in a lewd resort and in a disreputable resort and that under the provisions of regulation No. 58, is, therefore, not entitled to recover any amount whatsoever."

It seems to be conceded that the policy in question contains the provisions set forth in the above-quoted portion of defendant's amended answer.

Issues being joined, the case was tried at the February, 1932, term of said Court before Judge R. W. Sharkey and a jury, resulting in a verdict for the defendant by direction of the trial Judge, in response to defendant's motion.

The defendant's motion for direction of a verdict was based upon several grounds, including the ground "that under the provisions of this contract the beneficiary is not entitled to any benefits when his injuries were received in a place of the character of this house he was injured in." It was this ground upon which the trial Judge directed a verdict. In passing on the motion, his Honor made the following statement and ruling:

"The Court: I would like to have your view, Mr. McEachin (counsel for plaintiff), first as to whether there is any dispute, under the testimony, as to whether this was a disreputable house?

"Mr. McEachin: If you are going to consider granting this motion we will ask your Honor to allow us to reopen the case and put up testimony to prove this house was respectable.

"The Court: I think it has been conclusively shown here from the testimony that this was a disreputable resort. I don't see how any other reasonable conclusion could be arrived at from all the testimony. It seems to me that the evidence taken as a whole has established that this was a notorious fact. It is the only conclusion that could be arrived at. It almost seems to me that from all the testimony in the case that it was necessary for the plaintiff to have known that fact, and even if he didn't know it, he should have known it.

"Mr. McEachin: Are you going to say, are you going to find, as a question of fact, that he knew about that?

"The Court: No, I say it has been proven, the evidence is conclusive to the effect, it was a disreputable resort, and if he didn't know it, he had every reason to know it. I don't think he should be allowed to come into Court now and try to say he didn't know it, though I am not finding, as a matter of fact, that he did know it. It appears to me to have been such a notorious fact, from the evidence as a whole, that he should have known it. I don't think if I submitted the case to the jury and they found a verdict for the plaintiff I could let the verdict stand. I think I would have to set it aside because of the overwhelming weight of the evidence.

"Mr. McEachin: Will you permit us to reopen our case and offer other testimony?

"The Court: I don't think so, Mr. McEachin. We have thrashed the case out, the case is closed and I think we ought to end it at this point."

Thereupon the jury, under direction of the trial Judge, rendered a verdict for the defendant, and, plaintiff's motion for a new trial being refused, from the judgment entered on the verdict, upon due notice, the plaintiff has ap-

pealed to this Court, imputing error to the trial Judge in the following particulars :

"1. There was evidence to go to the jury of the fact that the place in which appellant was injured was not a disreputable resort.

"2. There was evidence to show that plaintiff went to the house in which he was injured without knowledge of its supposed character and for a lawful purpose having no connection with its supposed character.

"3. The trial Judge could not, as a matter of law, say that appellant should have known the character of the house in which he was injured."

Since, under our view of the case, there will have to be a new trial, we shall not discuss the testimony, but deem it sufficient to state, under our view, more than one reasonable inference can be drawn from the same, as to the facts referred to under the exceptions, and for that reason, in our opinion, his Honor, the trial Judge, committed error in not submitting these issues to the jury. Whether under the testimony and surrounding circumstances adduced at the trial the plaintiff should have known that the place in question was a disreputable resort was a question for the jury. In this connection we may state also that, even if the place in question was a disreputable place, and known as such to the plaintiff, under the terms of the policy, the plaintiff would not be prevented from recovering thereunder, provided he did not go there for an unlawful or immoral purpose, but went there for a lawful purpose. If he went to the place in question for an unlawful or immoral purpose and while there received the injury complained of, he would not be entitled to recover under the provisions of the policy. Whether the plaintiff was at the place in question, at the time referred to, for a lawful or unlawful or immoral purpose, was an issue for the jury.

The exceptions are therefore sustained, and it is the judgment of this Court that the judgment of the Circuit Court

be, and the same is hereby, reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.